IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ] |
| Plaintiff, | ] |
| v. | ] CV-08-BE-2287-S |
| **DELOIS POOLE,** | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

This case comes before the court on "Plaintiff's Motion for Summary Judgment" (doc. 4). Plaintiff United States of America (United States) filed a complaint alleging that Defendant Delois Poole is indebted to the United States, pursuant to 20 U.S.C. § 1071 *et seq.*, for student loans guaranteed by the Department of Education. (doc. 1, ex. A). The United States asserts that Ms. Poole owes a principal sum of $2,761.74, plus accrued interest of $4,350.87 as of October 15, 2008. (doc. 1). The court has considered the submissions of the parties and the relevant law. For the reasons stated below, the court will GRANT Plaintiff's motion for summary judgment (doc. 4). The court will enter a separate order to that effect simultaneously.

## FACTS

The court determines that the following facts are without substantial dispute.[1] On January 23, 1986, Ms. Poole executed a promissory note to secure a loan from Florida Federal Savings &

---

[1] Neither party submitted a statement of undisputed facts with their briefs related to the motion for summary judgment. The finding of facts made by the court is based upon the pleadings, motions and evidentiary submissions on record.

1

Loan Association, St. Petersburg, Florida. The lender disbursed the $2,500.00 loan on March 6, 1986 at 8.00 percent interest per annum. Great Lakes Higher Education (GLHE) guaranteed the loan; then, the Department of Education (DOE) reinsured the loan under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.* The holder of the note demanded payment according to the terms of the note and credited nothing to the outstanding balance. Ms. Poole defaulted on the obligation on October 28, 1988, and the holder filed a claim on the loan guarantee. Because of this default, guarantee agency GLHE paid a claim in the amount of $2,761.74 to the holder. Then, under the reinsurance agreement, the DOE reimbursed GLHE for that payment. GLHE attempted to collect the debt from Ms. Poole but was unable to collect the full amount due, and on April 2, 1993, assigned its right and title to the loan to the DOE. Since the assignment of the loan, the DOE has credited no amount in payments from any sources, if any, to the balance. As of October 15, 2008, Ms. Poole owed a principal amount of $2,761.74 and accrued interest in the amount of $4,350.87, for a total amount of $7,112.61, with interest accruing at the rate of $0.60 per day.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure. Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of

the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.*

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Graham*, 193 F.3d at 1282. The non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.* The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine

issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

## DISCUSSION

In her written response to the government's motion for summary judgment on its collection claim, Ms. Poole does not dispute that she owes a debt but rather disputes the amount she owes. She asserts that she has no way of knowing what she owes because the court did not permit discovery in this case. Additionally, Defendant requested that the government produce a payment history ledger so that she can determine what amount she owes. In its reply brief, the government attached a payment history ledger showing that the Department of Education has not received any payments from Ms. Poole.

The United States has supported its motion for summary judgment with documents evidencing the following: 1) on January 23, 1986 Ms. Poole executed a note to secure a loan in the amount of $2,500.00 at an interest rate of 8.00 percent per annum; 2) Ms. Poole defaulted on the obligation on October 28, 1988; 3) after the guaranty agency paid a claim in the amount of $2,761.74 to the holder of the note, the Department of Education reimbursed guarantor GLHE in the amount of $2,761.74; 4) GLHE attempted to collect the debt from Ms. Poole but was unable to do so; 6) the Department of Education has credited no amount in payments to the balance; and 7) as of October 15, 2008 Ms. Poole owed a principal amount of $2,761.74, and accrued interest in the amount of $4,350.87 for a total amount of 7,112.61, with interest accruing on the principal at the rate of $0.60 per day.

Ms. Poole has not disputed the amount of the loan at inception or the subsequent calculation of interest by the Department of Education. Moreover, in her response in opposition,

4

Ms. Poole did not submit any Rule 56 materials setting out specific facts supportive of her argument that either the lender or GLHE failed to appropriately and properly apply Ms. Poole's payments to her outstanding obligation. The inability to obtain documents from the government would not defeat or preclude Ms. Poole's production of any records she or her bank might have showing payments made on the loan, but she failed to produce anything in response. On the other hand, the United States has produced a payment ledger, as requested by the Defendant, showing that the Department of Education has received no payments towards Ms. Poole's defaulted loan.

The court acknowledges that summary judgment may be improper where the amount is disputed; however, in this case, Ms. Poole has not demonstrated that genuine issues of material fact exist for trial. Accordingly, the United States in entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, the court grants Plaintiff's motion for summary judgment. The court will simultaneously enter an order to that effect.

DONE and ORDERED this 12th day of March, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE